UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                  Case No: 8:16-mc-103-T-27JSS

PAMELA GISLASON and JOHN L.
GISLASON,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on United States of America's Petition to Enforce Internal Revenue Service Summons ("Petition"). (Dkt 1.) Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), Petitioner, United States of America, requests an order directing Respondents, Pamela Gislason and John L. Gislason, to show cause as to why they should not comply with the summonses issued on them by the Internal Revenue Service ("IRS").

### BACKGROUND

On January 7, 2016, the IRS issued summonses to Respondents, Pamela Gislason and John L. Gislason, directing them to appear before Revenue Officer James Beck on February 8, 2016, to give testimony and to produce for examination and copying certain records set forth in the summonses. (Dkt. 1-1, 1-2.) The summonses were issued pursuant to an investigation of Respondents for the collection of federal income tax liabilities for 2005 (Ms. Gislason) and 2009 (Mr. Gislason) and were served on Respondents by personal delivery. (Dkt. 1-1, 1-2.) Respondent, John L. Gislason, did appear in response to the summons on February 8, 2016, but he did not provide the information requested in the summons. (Dkt. 1, ¶ 19.) Respondent, Pamela Gislason, did not appear. (Dkt. 1, ¶ 8.) On April 14, 2016, the IRS sent a letter to Respondents

offering them another opportunity to satisfy the summonses by appearing on April 27, 2016. (Dkt. 1, Exs. A-3, B-3.) According to Petitioner, Respondents failed to comply with the summonses. (Dkt. 1.) Consequently, Petitioner filed the instant Petition to enforce the summonses. (Dkt. 1.)

## APPLICABLE STANDARDS

The IRS is authorized to issue a summons to aid its investigation of an outstanding tax liability. 26 U.S.C. § 7602(a). Specifically, "[a] summons may be issued to take any testimony of the person concerned and to summon the person liable for the tax to produce books, papers, records, or other data that may be relevant to the inquiry." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (citing 26 U.S.C. § 7602(a)). A district court has explicit jurisdiction to enforce the summons against a person who "resides or may be found" in the district. *United States v. Rice*, 522 F. App'x 540, 541 (11th Cir. 2013) (citing 26 U.S.C. § 7402(b)).

To obtain judicial enforcement of a summons, the government must show the following: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to the legitimate purpose for which the summons was issued; (3) the information sought is not already within the IRS's possession; and (4) the appropriate administrative steps have been followed. *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)). An officer's declaration is sufficient to establish a prima facie case for enforcing a summons. *See Morse*, 532 F.3d at 1132 ("The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.").

## ANALYSIS

The government has established a prima facie case for enforcement. As stated in the declaration of Revenue Officer James Beck, the IRS had a legitimate purpose for the summonses to conduct an investigation of Respondents' tax liability for specific periods; the information

sought (testimony, documents, and records) is relevant to that purpose; the IRS does not have this information; and all administrative steps required by the Internal Revenue Code have been followed. (Dkt. 1, Exs. A, B.)  Additionally, Officer Beck attests that "[a] Justice Department referral . . . is not in effect with respect to [Respondents] for the years at issue in this enforcement action." (Dkt. 1, Exs. A, B.)  *See* 26 U.S.C. § 7602(d)(1) (prohibiting the issuance or enforcement of a summons to any person for whom a Justice Department referral is in effect).  Accordingly, it is

**ORDERED** that United States of America's Petition to Enforce Internal Revenue Service Summons (Dkt. 1) is **GRANTED** to the extent that:

1. A copy of this Order to Show Cause, together with the Petition and its exhibits, shall be served on Respondents in accordance with Federal Rule of Civil Procedure 4 within twenty-one (21) days of this Order.  *See* M.D. Fla. Local R. 6.01(c)(11) (providing that a United States Magistrate Judge is authorized to issue "an attachment or other orders to enforce obedience to an Internal Revenue Service summons to produce records or give testimony").  Pursuant to Rule 4(c)(3), the Court appoints Revenue Officer James Beck, or any other person designated by the IRS, to effect service in this case. Petitioner must file an executed return of service with the Court.  Fed. R. Civ. P. 4(l)(1).

2. Respondents, Pamela Gislason and John L. Gislason, are ordered to show cause in writing within twenty-one (21) days of the date they are served with this Order as to why they should not be ordered to comply with the IRS summonses served on them on January 7, 2016.  Failure to comply with this Order will result in an order directing Respondents to fully comply with the summonses and may result in sanctions.

3. The Petition is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on August 22, 2016.

                                     _____
                                             JULIE S. SNEED
                                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties